[No. 17908.   Department Two.   October 11, 1923.]

THOMAS TURNER, *Respondent*, v. AMELIO BRASSESCO et al., *Appellants.*[1]

JUDGMENT (41, 45-2)—VACATION OF DEFAULT—MISTAKE AND EXCUSABLE NEGLECT—MERITORIOUS DEFENSE—FRAUD. It is proper to deny an application to vacate a default judgment foreclosing a mortgage, entered on personal service, where there is much to dispute defendants' claim that they had a defense to the action, and could not read or write the English language and were ignorant of court procedure.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 31, 1922, denying the vacation of a default judgment, after a hearing before the court. Affirmed.

*Vince H. Faben*, for appellants.

*Weter & Roberts (Evangeline Starr*, of counsel), for respondent.

FULLERTON, J.—In March, 1920, the appellants, Brassesco, being then the owners of certain real property situated in the county of King, mortgaged it to the respondent, Thomas Turner, to secure the payment of a promissory note for the sum of $5,014.57. The indebtedness represented by the note was not paid at its maturity, and thereafter Turner brought an action to foreclose the mortgage. Personal service of the summons was made on the mortgagors, but no appearance in the action was made. Judgment of fore-

[1]Reported in 219 Pac. 11.

closure was thereafter entered with the usual order directing that the property be sold to satisfy the debt. The property was thereupon sold and purchased by Turner, and a writ of assistance issued. When the writ of assistance was served, the mortgagors instituted the present proceedings, seeking to have their default opened, the judgment of foreclosure set aside, and leave granted them to appear and defend against. the foreclosure. Issue was joined on the allegations of the petition and a hearing had thereon, at the conclusion of which the trial court ruled that no sufficient cause had been shown to warrant the relief asked. From an order of dismissal which followed, this appeal is prosecuted.

The appellants alleged in their petition that they were Italians, unable to read the English language or to speak it other than very imperfectly; that they were unfamiliar with the processes or proceedings of the courts, and did not know the nature of the papers served upon them. They also allege that they were further led into security by the fact that Turner had at various times "attempted to make violent love" to Mrs. Brassesco, and had repeatedly endeavored to persuade her to leave her husband and go away with him, and that when the summons and complaint were served on them in the foreclosure action, they believed it was some further effort on the part of Turner to separate them, and for this reason did not have the papers translated to them. As a defense to the mortgage, they alleged that, at the time of its execution, they were not indebted to Turner in the sum named therein, and that their signatures were obtained to the note, and mortgage by his fraud and deceit.

The proofs on the part of the appellants fell far short of their allegations. Turner had, at their re-

quest, erected for them a house upon the land covered by the mortgage, and the mortgage was given to secure him for the expenditures made by him in that behalf. It is true that the appellants now contend that a great part of the labor and material which Turner claimed to have paid from his own funds and charged against them was paid from moneys which they advanced to him. They concede, however, that, when they made their settlement with Turner, a mutual friend was called in to cast the account and prepare the mortgage. This person testified that at this meeting the items claimed by Turner to have been paid from his own funds were gone over by the parties one by one, and that he put down the amounts severally as a credit to Turner only after an agreement had been reached that the amount was due; making up the amount of the note and mortgage by an addition of the several sums thus agreed upon to be owing Turner.

There is evidence also which tends to dispute their claimed ignorance of the English language, and claimed ignorance of court procedure. Witnesses who testified to a long course of dealing with Mr. Brassesco said that he could both speak and understand the English language, and it was shown that the present action was not the first one that had been brought against him.

There is much else in the record that seems to us to cast doubt upon the appellants' claim, but we think it unnecessary to pursue the inquiry further. It is our conclusion that the judgment should be affirmed, and it is so ordered.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.